UNITED STATES DISTRICT COURT
*for the*
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

AARON JAMES,                                                    Case No:

      Plaintiff,                                                 Hon.

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY, an Illinois Insurance
Corporation, and BLUE CROSS BLUE SHIELD OF
MICHIGAN, a Michigan Corporation, jointly and severally,

      Defendants.
_____/
ROBERT J. LANTZY (P57013)
SARAH L. GORSKI (P82899)
BUCKFIRE LAW FIRM
Attorneys for Plaintiff
29000 Inkster Road, Ste. 150
Southfield, Michigan 48034
robert@buckfirelaw.com
sarah@buckfirelaw.com
(248) 569-4646
_____/

## **COMPLAINT**

    No other civil action between these parties or other parties arising out of the transaction or occurrence alleged in the Complaint has been previously filed.

    */s/ Robert J. Lantzy*
    _____
    Robert J. Lantzy P-57013

00825248

NOW COMES Plaintiff, AARON JAMES, by and through his attorneys, BUCKFIRE LAW FIRM, and for his Complaint against the above-named Defendants, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and BLUE CROSS BLUE SHIELD OF MICHIGAN, states as follows:

## NATURE OF ACTION AND JURISDICTION

1. This is an action to:

    A. Declare Plaintiff's right to benefits and the priority of coverage under §502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. 1132, and the Michigan No-Fault Act, M.C.L. §500.3101, et seq.;

    B. Enjoin certain acts and practices and to obtain other appropriate equitable relief under §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

2. This Court has jurisdiction over Plaintiff's ERISA claims pursuant to 29 U.S.C. §1132(e)(1).

3. This Court has supplemental jurisdiction over Plaintiff's claims arising under the Michigan No-Fault Act pursuant to 28 U.S.C. §1367(a).

4. Venue is proper in this district pursuant to 29 U.S.C. §1132(e)(2) and 28 U.S.C. §1391(b).

## PARTIES AND GENERAL ALLEGATIONS

5. Plaintiff, AARON JAMES, (hereinafter "Plaintiff") was and continues to

be a beneficiary of his employer Martin Transportation Systems, Inc., benefit plan and a member of its medical plan (hereinafter the "Plan"), being administered by BLUE CROSS BLUE SHIELD OF MICHIGAN, and was, at all relevant times continuing to the present, insured under an automobile insurance policy through Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, providing coverage under the Michigan No-Fault Act.

6. Through his employment with Martin Transportation Systems, Plaintiff, AARON JAMES, was provided with medical insurance benefits through the BLUE CROSS BLUE SHIELD OF MICHIGAN Plan.

7. Defendant, BLUE CROSS BLUE SHIELD OF MICHIGAN Benefits Plan is a welfare benefits plan administered under the terms of ERISA for the benefit of Martin Transportation System's employees and their families, including beneficiaries living in Michigan.

8. The Plan is administered under the terms of ERISA for the benefit of Martin Transportation System's employees and their families living in Michigan.

9. Defendant, BLUE CROSS BLUE SHIELD OF MICHIGAN, is the claims administer for the Plan with its principal place of business in

Detroit, Michigan. BLUE CROSS BLUE SHIELD OF MICHIGAN conducts business throughout the State of Michigan and in Genesee County Michigan in particular.

10. Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is an insurance company domiciled in the State of Illinois, that provides insurance coverage to Michigan residents under policies sold throughout Michigan and in Genesee County Michigan in particular.

## FACTUAL BACKGROUND

11. Plaintiff, AARON JAMES, was the operator of a motor vehicle on July 14, 2021, when he was seriously injured in a motor vehicle collision (hereinafter "subject collision') in the City of Flint, Genesee County, State of Michigan.

12. Plaintiff, AARON JAMES, suffered serious injuries in the subject collision including, but not limited to, broken right fibula, T6 fractured, torn ligaments in neck, numerous facial fractures, contusions to the head, hematoma on head, injury to bilateral shoulders.

13. As a result of the subject collision, Plaintiff, AARON JAMES, underwent emergency and non-emergency medical care, including

00825248

–4–

surgeries, and further required therapy and continuing medical treatment for his injuries.

14. From the date of the collision through the present date, Plaintiff, AARON JAMES, was entitled to health benefits provided by Defendant, BLUE CROSS BLUE SHIELD OF MICHIGAN's Plan in which he was a participant.

15. At all material times, BLUE CROSS BLUE SHIELD OF MICHIGAN, was a welfare benefits plan administered for the benefit of Martin Transportation Systems employees including AARON JAMES.

16. At all material times, Plaintiff was covered for personal protection insurance (PIP) benefits by a policy issued by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, which provides for payment of all allowable expenses for Plaintiff, AARON JAMES', medical care, recovery and rehabilitation in accordance with M.C.L. §500.3107 and BLUE CROSS BLUE SHIELD OF MICHIGAN was aware of, or informed, or had express/implied knowledge of STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's, coverage when they took action as referenced throughout this complaint.

17. In accordance with the terms of the Plan and upon information and

belief, the Plan did pay expenses for AARON JAMES' medical care and treatment, hospitalization and rehabilitation necessitated by his injuries suffered in the subject collision. Additionally, in accordance with his automobile insurance policy with STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, medical expenses were paid by STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, or said companies were obligated to pay those expenses on behalf of Plaintiff, between the dates of July 14, 2021 and the present.

18. Upon information and belief, although Plaintiff's health insurance policy may constitute a qualified ERISA plan, the plan language may state that the plan would pay as primary for any motor vehicle accident-related treatment.

19. As a result of his injuries sustained in the collision, Plaintiff, AARON JAMES, suffered a "serious impairment of body function," which, under the Michigan No-Fault Act, MCL 500.3135, also entitled him to recover non-economic damages for his pain and suffering from the driver and owner of the at-fault motor vehicle involved in the subject collision.

20. Under the Michigan No-Fault Act, Plaintiff, AARON JAMES, is specifically prohibited from recovering any medical expenses from the

driver or owner of the at-fault motor vehicle involved in the subject collision.

21. The Plan purportedly contains a provision requiring Plaintiff, or those pursuing a legal claim on his behalf, to reimburse the Plan for any expenses which the Plan paid to or on behalf of Plaintiff, AARON JAMES, related to any and all expenses for the care and treatment of his injuries, from any legal or other recovery made by or on behalf of Plaintiff arising out of the subject collision.

22. The purported reimbursement provision is allegedly without qualification and is owing notwithstanding the inability of Plaintiff, AARON JAMES, or those acting on his behalf, to recover healthcare expenses in the third-party automobile negligence, in light of the limitations imposed by the Michigan No-Fault Act.

23. The Plan also purportedly contains a provision giving the Plan the right of subrogation with respect to any expenses which the Plan paid to or on behalf of Plaintiff, AARON JAMES, related to any and all expenses for the care or treatment of injuries sustained by Plaintiff in the subject collision, from any legal or other recovery made by or on behalf of Plaintiff arising out of the subject collision.

24. The purported subrogation provision is allegedly without qualification and is in effect notwithstanding the inability of Plaintiff, AARON JAMES, or those acting on his behalf, to recover healthcare expenses in the third-party automobile negligence action in light of the limitations imposed by the Michigan No-Fault Act.

25. The Plan also purportedly contains a provision giving the Plan the right of a lien with respect to any expenses which the Plan paid to or on behalf of Plaintiff, AARON JAMES, related to any and all expenses for the care or treatment of injuries sustained by Plaintiff in the subject collision, from any legal or other recovery made by or on behalf of Plaintiff arising out of the subject collision.

26. The purported lien provision is allegedly without qualification and is in effect notwithstanding the inability of Plaintiff, AARON JAMES, or those acting on his behalf, to recover healthcare expenses in the third-party automobile negligence action in light of the limitations imposed by the Michigan No-Fault Act.

27. At all material times the Plan knew that it did not and does not have a valid claim for reimbursement or subrogation of medical expenses against a third-party automobile negligence claim as governed by the

Michigan No-Fault Act.

## COUNT I
## DECLARATION OF RIGHTS UNDER ERISA
## AND MICHIGAN NO-FAULT ACT

28. Plaintiff restates all of the previous allegations as incorporated herein.

29. The terms of the Plan appear to be conflicting and ambiguous with respect to its duty to pay benefits in the context of a Michigan automobile accident, but resolution of the ambiguity will not in any event result in a valid claim for reimbursement or subrogation against any third-party automobile negligence recovery by Plaintiff.

30. To the extent that there is any other fund against which Defendant BLUE CROSS BLUE SHIELD OF MICHIGAN, may seek reimbursement or subrogation, it is the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY's PIP policy which provides coverage for medical expenses arising from the subject collision.

31. If the respective "coordination of benefits" language of the Plan and the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, policy render the Plan primary, then the Plan remains primary and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,

second in priority although the Plan still has no right of recovery against Plaintiff's bodily injury claim as previously stated.

32. If, however, the Plan provisions regarding reimbursement/subrogation take precedence, essentially nullifying the above-referenced "coordination of benefits" language, then STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is primary and the Plan may seek reimbursement against the STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY policy of no-fault insurance. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, retains no right of reimbursement from any bodily injury claim of Plaintiff.

33. Pursuant to *FMC v Holliday,* 498 U.S. 52 (1990), and other controlling case law, the proper priority between the Plan and STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, will depend on whether the Plan is self-funded or is funded by insurance, or otherwise contains a provision allowing it to be subordinate to other available insurance, and therefore falls under the ambit of state law regulating insurance, which includes the proscription in MCL 500.3116 forbidding reimbursement of medical benefits paid from any recovery under a

"claim in tort based on the same accident bodily injury".

34. Plaintiff is informed and believes that Defendant BLUE CROSS BLUE SHIELD OF MICHIGAN, will claim that the Plan is self-funded, but applicable case law authorities provide that the answer to this question must abide the true facts whether any secondary insurance coverage is available to the Plan.

35. In any event, under no circumstances is Plaintiff liable to Defendants for repayment of Plaintiff, AARON JAMES', medical expenses out of any third-party tort recovery, because he is himself prohibited by MCL 500.3135 from obtaining compensation for medical expenses.

36. Either BLUE CROSS BLUE SHIELD OF MICHIGAN (The Plan) or STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is primarily responsible for paying the medical expenses incurred by Plaintiff, AARON JAMES, as a result of the subject collision.

37. There is a real and present controversy between the parties requiring the Court to declare their respective rights and duties in this regard.

WHEREFORE, Plaintiff requests this Honorable Court declare that BLUE CROSS BLUE SHIELD OF MICHIGAN Plan and/or STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is primary for payment of benefits and

that neither is entitled to reimbursement or subrogation against any third-party recovery of Plaintiff pursuant to the applicable provisions of ERISA and the Michigan No-Fault Act.

## COUNT II
## INJUNCTIVE RELIEF UNDER §502(a)(e) or ERISA

38. Plaintiff restates all of the previous allegations as incorporated herein.

39. BLUE CROSS BLUE SHIELD OF MICHIGAN Plan does not have a valid right of reimbursement, right of subrogation, or lien of any kind against Plaintiff from any third-party tort recovery arising out of the subject collision.

40. Plaintiff is a beneficiary of the Plan and is entitled to seek injunctive relief under ERISA §502(a)(3) to prevent any wrongful attempts by Defendants to pursue reimbursement or subrogation from any third-party tort recovery arising out of the subject collision.

41. Accordingly, it would be appropriate and equitable for this Court to enjoin Defendants from making any attempts to pursue reimbursement and/or subrogation against Plaintiff.

WHEREFORE, Plaintiff requests this Honorable Court grant a permanent injunction and declare that BLUE CROSS BLUE SHEILD OF MICHIGAN Plan

and/or STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, is primary for payment of benefits and that neither is entitled to reimbursement or subrogation against any third-party recovery of Plaintiff pursuant to the applicable provisions of ERISA and the Michigan No-Fault Act.

                              Respectfully submitted,

                              BUCKFIRE LAW FIRM

                              BY:  /s/ Robert J. Lantzy
                                   ROBERT J. LANTZY (P57013)
                                   SARAH L. GORSKI (P82899)
                                   BUCKFIRE LAW FIRM
                                   Attorneys for Plaintiff
                                   29000 Inkster Road, Ste. 150
                                   Southfield, MI 48034
                                   robert@buckfirelaw.com
                                   sarah@buckfirelaw.com
                                   (248) 569-4646

Dated:   June 27, 2022.